1    UNITED STATES DISTRICT COURT
2    DISTRICT OF PUERTO RICO

3    MISAEL SANTIAGO-RODRIGUEZ,
4    et al.,
5
6        Plaintiffs,                  Civil No. 07-1988 (JAF)
7
8        v.
9    BENJAMIN VALENTIN-RUIZ, et al.,
10
11       Defendants.

12                            **O R D E R**

13       Plaintiffs, Misael Santiago-Rodríguez, Irving Antonio Casiano-

14   Mangual, Bernie Rafael Casiano-Santiago, Michael Antonio Casiano-

15   Mangual, and Sharon Casiano-Mangual, bring this action in diversity

16   against Defendants, Benjamín Valentín-Ruiz, his spouse and their

17   conjugal partnership; H.L. Suárez Transport; an unknown defendant;

18   Universal Insurance Company; and other unknown insurance companies.

19   (Docket No. 43.) Plaintiffs allege multiple claims of negligence

20   under 31 L.P.R.A. 5141 (1990) stemming from an automobile collision

21   in Ponce, Puerto Rico, on November 13, 2006. (Id.) Defendants move to

22   dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1),

23   alleging that Santiago-Rodríguez is a citizen of Puerto Rico and we,

24   therefore, lack diversity jurisdiction. (Docket No. 57.) Plaintiffs

25   oppose. (Docket No. 62.)

26       The motions and accompanying evidence submitted by the parties

27   are, at best, inconclusive as to Santiago-Rodríguez' citizenship at

Civil No. 07-1988 (JAF)                                                      -2-

1    the time of his filing this action. (Docket Nos. 57, 62, 63, & 64.)

2    We held an evidentiary hearing on September 2, 2009, to gather

3    further evidence of citizenship and to assess Santiago-Rodríguez'

4    credibility. In light of this hearing, we reserve judgment on the

5    question of Santiago-Rodríguez' citizenship.

6         If this case must be tried, we will enter appropriate judgment

7    on the jurisdictional evidence then available to us. In the interim,

8    we strongly encourage the parties to engage in meaningful settlement

9    negotiations. In conducting their negotiations, the parties should

10   take into account the uncertainty of our jurisdiction over Santiago-

11   Rodríguez' claim.

12        Accordingly, we hereby **RESERVE JUDGMENT** on Defendants' motion to

13   dismiss.

14        **IT IS SO ORDERED.**

15        San Juan, Puerto Rico, this 3rd day of September, 2009.

16                                        s/José Antonio Fusté
17                                        JOSE ANTONIO FUSTE
18                                        Chief U.S. District Judge